UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE –OPELOUSAS DIVISION

NARRA BATISTE, as Natural Tutrix of
TYLEN PIERRE and BRENNAN BATISTE
the minor children of OTHELLO J. PIERRE,
individually and on behalf of the deceased,
OTHELLO J. PIERRE; HARRY PIERRE,
the brother of OTHELLO J. PIERRE,
JEAN PIERRE, brother of
OTHELLO J. PIERRE, and FLORINA
PIERRE, mother of OTHELLO J. PIERRE

      Plaintiffs,

vs.

RONALD J. THERIOT, Sheriff,
St. Martin Parish, KAYLA MALLORY,
SHAWN JOHNSON, DONNIE LASHER,
and LEE VERNI, individually and in
their capacity as Deputies of St. Martin
Parish Sheriff's Office

      Defendants.

CIVIL ACTION NO.

JUDGE _____

Case No.
Hon.

MAGISTRATE JUDGE _____

**ORIGINAL COMPLAINT FOR DAMAGES**

NOW COMES the Plaintiffs, NARRA BATISTE, as the Natural Tutrix of TYLEN PIERRE and BRENNAN BATISTE, the minor children of OTHELLO J. PIERRE (hereinafter"OTHELLO"), individually and on behalf of their biological father, OTHELLO J. PIERRE; HARRY PIERRE, the brother of OTHELLO J. PIERRE; JEAN PIERRE, the brother of OTHELLO J. PIERRE, and FLORINA PIERRE, the mother of OTHELLO J. PIERRE, who complain as follows:

Jurisdiction in this action is brought pursuit to 42 USC §1983, 1986, and 1988; 28 USC § 1331 AND 1343(1)(2)(3)(4) and 1367; and the Fourth, Eighth, and Fourteenth Amendments.

1.

2.

Decedent, OTHELLO, who died on July 4, 2008, was a twenty-three (23) year old African American citizen of the United States of America and a resident of St. Martinville, St. Martin Parish, State of Louisiana, who had life expectancy of sixty-five (65) years of age.

3.

Plaintiff, NARRA BATISTE is the mother and natural tutrix of the minor children of the decedent, who were living with, and financially supported by OTHELLO; Plaintiff, HARRY PIERRE, is the brother of the decedent who witnessed the decedent as he was allowed to die; Plaintiff, JEAN PIERRE, is the brother of decedent who witnessed the decedent as he was allowed to die; and Plaintiff, FLORINA PIERRE, the mother of the decedent who witnessed the decedent as he was allowed to die.

4.

At all times relevant hereto, Defendant, RONALD J. THERIOT, was the Sheriff of St. Martin Parish, and was responsible for the hiring, training, supervision, and conduct of each Defendant.

5.

At all times relevant hereto, Defendants SHAWN JOHNSON, DONNIE LASHER, and LEE VERNI, and KAYLA MALLORY were deputies with the St. Martin Parish Sheriff's Office, and were acting in such capacity as employees, agents, and servants of the Defendant, RONALD J. THERIOT, under Color of Law. Said defendants are sued individually and in their official Capacities.

6.

At approximately 6:50 p.m., on or about July 4, 2008, Decedent, OTHELLO, was leaving his family member's home located at 1729 Cypress Island Hwy, St. Martinville, St. Martin Parish, Louisiana.

7.

At the approximate same time, SHAWN JOHNSON and DONNIE LASHER received a domestic complaint initiated by John Edward Pierre.

8.

Deputies JOHNSON and LASHER responded to the complaint at 1729 Cypress Island Hwy, St. Martinville, St. Martin Parish, Louisiana, without the aid of emergency lights and sirens.

9.

Upon their arrival, OTHELLO was outside the residence where he presented no threat of harm to the DEPUTIES or himself.

10.

Deputies JOHNSON and LASHER then proceeded to conduct a custodial interrogation of OTHELLO outside the residence.

11.

Prior to being released from the custodial interrogation, the decedent's next door neighbor, Deputy MALLORY arrived at the scene, approached LASHER and JOHNSON and suggested they run the decedent's driver license for any outstanding warrants, presumably motivated by a personal verbal altercation earlier the same day with OTHELLO.

12.

The warrant search revealed decedent had a misdemeanor warrant for a non-violent, motor vehicle citation.

13.

Deputies LASHER and JOHNSON then attempted to arrest the decedent on the warrant, at which time the decedent fled and was pursued by LASHER and JOHNSON.

14.

After approximately 100 feet, Deputy JOHNSON stopped his foot pursuit and explained to the family that he knew where the decedent lived and would arrest him at another time.

15.

After running approximately 400 feet, the decedent, exhausted and gasping for air, and who was still being pursued by LASHER, stopped running.

16.

Deputy LASHER then approached the decedent, who was shirtless, beltless, and wearing one shoe, and fired his Advanced Taser X-26 Tazer, bearing serial No.X00-189607, without any verbal warnings or any other commands, into the left upper arm and left temporoparietal scalp directly above the decedent's left ear.

17.

With the decedent incapacitated from the high voltage coarsing through his body, and on the ground, Deputy LASHER then restrained decedent by placing his knee in his back and putting the decedent in handcuffs, facedown in an open field, in direct contravention of General Order 422 of the St. Martin Parish Sheriff's office, which thereby interfered with decedent's ability to breath.

18.

At this point, the decedent began to experience positional asphyxia resultant from being restrained facedown, handcuffed in an open field.

19.

The actions of Deputy LASHER against the decedent were observed by Deputies JOHNSON, VERNI and MALLORY, all of whom had then arrived at the scene and took no affirmative action to comply with General Order 422 of the St. Martin Parish Sheriff's Office or to ensure the safety, health and well being of decedent, OTHELLO.

20.

As a result of the onset of positional asphyxia of the decedent, which was in part evidenced by his closed mouth and eyes, and his lack of reflexes when the Deputies LASHER, VERNI and JOHNSON dropped him on his face multiple times, Deputies LASHER, VERNI, JOHNSON and MALLORY failed to assess decedent's vital signs or seek emergency care commensurate with decedent's condition. Instead, Deputies JOHNSON, LASHER, VERNI and MALLORY threatened the decedent with additional tasing and continued to pick the decedent up by his waist band and drop him face down stating that "the decedent was faking death to avoid jail and that [they] had been tazed before and OTHELLO would be just fine."

21.

After much precious time had passed, the paramedics with Acadian Ambulance were first allowed to treat OTHELLO, whose grave condition, a collapsed lung, necessitated that the ambulance be re-routed from the St. Martin Parish Hospital to Lafayette General Medical Center, in Lafayette, Louisiana.

22.

Within minutes of admission at Lafayette General, the decedent coded and ultimately died.

23.

The death of OTHELLO, was caused by the gross negligence and callous disregard for his safety, health, well-being, and constitutional rights by Deputies LASHER, JOHNSON VERNI and MALLORY, in the following non-exclusive particulars:

1. Use of excessive force under the circumstances;
2. Cruel and unusual punishment inflicted upon decedent by causing him to asphyxiate and committing assault and battery upon his body by repeatedly dropping him face first into the ground while handcuffed with his hands behind his back;
3. Cruel and unusual punishment inflicted upon decedent by failing to assess and monitor his health and well-being after tasing and by failing to provide appropriate medical treatment in a reasonable time and manner;
4. Conspiring in the use of excessive force and the administration of cruel and unusual punishment;
5. The denial of due process and equal protection of the law.

24.

The death of OTHELLO was caused by the willful, wanton, and reckless disregard of the consequences of the acts and omissions of Deputies LASHER, JOHNSON, VERNI and MALLORY, as to reveal a malicious and conscious indifference to the risk of death of OTHELLO and the loss of chance of survival of OTHELLO.

25.

As a direct and proximate result of the above described unlawful and malicious negligent acts, omissions, and carelessness of Defendants, committed under color of law, Defendants are liable pursuant to LSA-2315 et. seq.

26.

That as a result of the negligent acts, carelessness and omissions of Deputies VERNI, LASHER, JOHNSON and MALLORY, decedent, OTHELLO, was cause to suffer extreme mental pain and anguish and physical pain during the time of his survival until his death for which he is to compensated in an amount reasonable in the premises.

27.

That as a result of the negligent acts, carelessness and omissions of Deputies VERNI, LASHER, JOHNSON and MALLORY, Plaintiffs' have suffered severe mental pain and suffering, have suffered loss of his love, society and companionship, and have lost the support, services and benefits which they might reasonably have received from Plaintiffs' decedent for which they are to be compensated in an amount reasonable in the premises. In that regard, this Honorable Court is given to understand that OTHELLO was twenty-three (23) years of age and enjoyed a life expectancy of in excess of Sixty-five (65) years.

28.

Plaintiffs further represent that OTHELLO's estate has become liable for medical, funeral, burial and other expenses, as a result of wrongful death for which the plaintiffs are entitled to be compensated in an amount reasonable in the premises.

29.

Plaintiffs reaver paragraphs 1 through 28 as though fully stated herein.

30.

Defendant, RONALD THERIOT, as Sheriff, is liable to plaintiffs for acting:

A. Grossly negligent or deliberately indifferent in the screening and hiring of defendants, LASHER, VERNI, JOHNSON and MALLORY;

B. Grossly negligent or deliberately indifferent in failing to properly train defendants, LASHER, VERNI, JOHNSON and MALLORY;

C. Grossly negligent or deliberately indifferent in allowing apprehension and/or detention procedures to be grossly and maliciously abused by his personnel;

D. Grossly negligent or deliberately indifferent in failing to safeguard the Constitutional Rights of citizens his personnel comes into contact with.

31.

That the actions alleged above by Defendant RONALD THERIOT deprived Plaintiffs' decedent, OTHELLO, of the following rights under the United States Constitution;

a. Freedom from the use of excessive and unreasonable force;

b. Freedom from a deprivation of liberty without due process of law;

c. Freedom from summary punishment;

d. Equal protection of the law;

e. Freedom from cruel and unusual punishment.

32.

The negligent acts, carelessness, and omissions by Defendants LASHER, VERNI, JOHNSON and MALLORY were part of the practices, procedures, policies and customs of the St. Martin Parish Sheriff's office, for which Defendant RONALD THERIOT is liable.

33.

As the actions of defendants were done grossly and maliciously and betrayed outrageous conduct and malice with regard to the Federally protected rights of plaintiffs, plaintiffs are entitled to an award of exemplary damages against defendants in the amount of FIVE MILLION AND N0/100 ($5,000,000.00) DOLLARS.

34.

Because of the denial of basic Civil Rights, plaintiffs were compelled to retain attorneys to prosecute this action and to ensure that this conduct on the part of the defendants is not continued. Plaintiffs are, at the discretion of this Court, entitled to reasonable attorney's fees from the defendants, for which plaintiffs now pray for an amount not less than FIVE HUNDRED THOUSAND AND N0/100($500,000.00) DOLLARS.

WHEREFORE, premises considered, plaintiffs pray that each of the defendants be cited to appear and answer and that, upon final hearing, plaintiffs recover judgment, jointly and severally against all defendants in the amount of FIVE MILLION AND NO/100 ($5,000,000.00) DOLLARS in compensatory damages plus exemplary damages in the amount of FIVE MILLION AND NO/100 ($5,000,000.00) DOLLARS together with costs of court, interest as

allowed by law, attorney's fees in an amount not less than FIVE HUNDRED AND NO/100 ($500,000.00) DOLLARS any and all further relief, legal or equitable, to which plaintiffs may be entitled.

PLAINTIFF FURTHER PRAYS for trial by jury.

Respectfully Submitted:

THE LAW OFFICES OF MARCUS A. BRYANT, L.L.C.

/s/ Marcus A. Bryant
Marcus A. Bryant, Bar No. 30212
The Simon Building
1408 W. Pinhook, Ste. A
Lafayette, Louisiana 70503
Telephone: (337) 504-4106
Faxsimilie (337) 504-4167
Co-Counsel of Plaintiffs

J. QUENTIN SIMON, LTD.

/s/ J. Quentin Simon
J. QUENTIN SIMON, Bar No. 25502
1408 W. Pinhook, Ste. A
Lafayette, Louisiana 70503
Telephone: (337) 235-3200
Faxsimilie (337) 235-3600
Co-Counsel for Plaintiffs