RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7/15/10
  GB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE - OPELOUSAS DIVISION

| | |
|---|---|
| **NARRA BATISTE, ET AL** | **CIVIL ACTION NO.: 09-1109** |
| **VERSUS** | **JUDGE HAIK** |
| **RONALD THERIOT, ET AL** | **MAGISTRATE JUDGE HILL** |

## REASONS FOR JUDGMENT

**A.     Facts**

Before the Court is Defendant's 12(b)(6) Motion to Dismiss the Claims of Florina Pierre, Harry Pierre, and Jean Pierre [Doc. 25]. Defendant's have filed this motion claiming that the claims of Florina, Harry, and Jean Pierre fail to state a cause of action and the parties lack standing against defendants because they are not within the exclusive class of beneficiaries entitled to bring wrongful death and survival actions under Louisiana law. Plaintiff's filed this complaint on July 6, 2009 alleging that "as a direct and proximate result of defendant's unlawful and malicious negligent acts, omissions, and carelessness of Defendants, committed under color of law, Defendants are liable pursuant to LSA-2315 et seq."

**B.     Defendant's Contentions**

Defendants contend that Florina, Pierre, Harry Pierre, and Jean Pierre are not members of the exclusive class that are entitled to file suit in this matter for survival and wrongful death actions and, therefore, their claims should be dismissed. Defendants provide that the Fifth Circuit Court of Appeal has held that "a party must have standing under the state wrongful death and survival statutes to bring a claim under 42 U.S.C. §1981, 1983, and 1988." *Pluet v. Frasier*, 355

F. 3d 381 (5th Cir. 2004). Defendants submit that Louisiana Civil Code Articles 2315.1 and 2315.2 provide that the surviving spouse and children of the deceased are in the first class of beneficiaries entitled to recover for wrongful death and survival action. Thus, Defendants argue, because a claim has been made on behalf of the alleged surviving children, the other plaintiffs, Florina Pierre, Harry Pierre, and Jean Pierre have no standing to pursue a wrongful death and survival action against the defendants.

Defendants also contend that the allegations contained in Plaintiff's Complaint make it clear that any Bystander claims should be dismissed as well. Defendants argue that because the deceased ran away from deputies at the time of the incident, any alleged use of excessive force was not witnessed by any Plaintiffs. Additionally, Othello Pierre died while en route to the hospital, and his death was not witnessed by any Plaintiffs.

### C. Plaintiff's Contentions

Plaintiffs argue that they properly placed the defendants on notice of their claims under La. Civ. Code Art. 2315.6 and thus, the defendant's motion to dismiss should be denied. Plaintiff's argue that Florina Pierre, Harry Pierre, and Jean Pierre witnessed the alleged actions of the defendants and the series of events leading up to the death of Othello Pierre and therefore, are entitled to damages pursuant to La. Civil Code Article 2315.6.

Plaintiffs argue that their complaint is sufficient to give Defendants notice that the plaintiff's witnessed the unconstitutional acts of the defendants and they are seeking relief pursuant to LSA-2315 et seq.

**D.     Law and Analysis**

In Louisiana, survival and wrongful death actions are governed by Louisiana Civil Code Articles 2315.1 and 2315.2, respectively, which read as follows:

**Article 2315. 1 Survival Action.**

A. If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:

> (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
>
> (2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
>
> (3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
>
> (4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.

**Article 2315.2 Wrongful Death Action.**

A. If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:

> (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.

>  (2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
>
>  (3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
>
>  (4) The surviving grandfathers and grandmothers of the deceased, or any of them if he left no spouse, child, parent, or sibling surviving.
>
>  B. The right of action granted by this Article prescribes one year from the death of the deceased.

The plain language of these statutes clearly shows a hierarchy of individuals who are entitled to recover. In the instant matter, Plaintiffs have alleged that Florina Pierre is the mother of Othello Pierre, and that Harry and Jean Pierre are the brothers of Othello Pierre. However, Plaintiffs also allege that Othello Pierre is survived by children. Louisiana Civil Code Articles 2315.1 and 2315.2 provide that the surviving spouse and children of the deceased are in the first class of beneficiaries entitled to recover for wrongful death and survival action. Because a claim has been made on behalf of the alleged surviving children, the other Plaintiffs, Florina Pierre, Harry Pierre, and Jean Pierre lack standing to pursue a wrongful death and survival action against the defendants. The law does not afford these Plaintiffs a remedy for a survival or wrongful death action in light of the allegations contained in their Complaint, which states that Othello Pierre is survived by minor children. Thus, the wrongful death and survival claims of Florina, Harry, and Jean Pierre must be dismissed.

Louisiana Civil Code Article 2315.6 governs Bystander claims:

**Article 2315.6 Liability for damages caused by injury to another.**

A. The following persons who view an event causing injury to another person, or who come upon the scene of the event soon thereafter, may recover damages for mental anguish or emotional distress that they suffer as a result of the other person's injury:

> (1) The spouse, child or children, and grandchild or grandchildren of the injured person, or either the spouse, the child or children, or the grandchild or grandchildren of the injured person.
>
> (2) The father and mother of the injured person, or either of them.
>
> (3) The brothers and sisters of the injured person or any of them.
>
> (4) The grandfather and grandmother of the injured person, or either of them.

B. To recover for mental anguish or emotional distress under this Article, the injured person must suffer such harm that one can reasonably expect a person in the claimant's position to suffer serious mental anguish or emotional distress from the experience, and the claimant's mental anguish or emotional distress must be severe, debilitating, and foreseeable.

There is no evidence in the record as to whether Plaintiffs Florina Pierre, Harry Pierre, and Jean Pierre witnessed the alleged series of events leading up to Othello Pierre's death. Therefore, the Court cannot dismiss these plaintiff's claims for relief under La. Civ. Code Article 2315.6 at this time. Whether these Plaintiffs witnessed the alleged actions of the defendants is an issue to be decided by the jury at the time of trial.

E.  **Conclusion**

The Court finds that Florina, Harry, and Jean Pierre do not fall within the class of beneficiaries entitled to recover under the wrongful death or survival actions afforded by Louisiana law. Thus, those claims are DISMISSED as to these Plaintiffs. However, the Court cannot dismiss the aforementioned Plaintiff's claims for relief under Louisiana Civil Code Article 2315.6.

For the foregoing reasons, the **Motion to Dismiss [Doc.25]** is **GRANTED** as to the wrongful death and survival claims of the mother and siblings of the deceased and **DENIED** as to the bystander claims of the mother and siblings of the deceased.

THUS DONE AND SIGNED on this 14th day of July, 2010 at Lafayette, Louisiana

JUDGE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA